UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


UNITED STATES OF AMERICA )
 ) Case No. 1:11-cr-99
v. )
 ) COLLIER / LEE
TABATHA HAMMONS )


REPORT AND RECOMMENDATION

 Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on April 11, 2012.

At the hearing, defendant moved to withdraw her not guilty plea to Count One of the five-count

Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One,

that is of conspiracy to distribute and possess with the intent to distribute crack cocaine, heroin, and

marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) and (D) in exchange for the

undertakings made by the government in the written plea agreement.  On the basis of the record

made at the hearing, I find the defendant is fully capable and competent to enter an informed plea;

the plea is made knowingly and with full understanding of each of the rights waived by defendant;

the plea is made voluntarily and free from any force, threats, or promises, apart from the promises

in the plea agreement; the defendant understands the nature of the charge and penalties provided by

law; and the plea has a sufficient basis in fact.

 Therefore, I **RECOMMEND** defendant's motion to withdraw her not guilty plea to Count

One of the Indictment be granted, her plea of guilty to the lesser included offense of the charge in

Count One of the Indictment, that is of conspiracy to distribute and possess with the intent to

distribute crack cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(B) and (D) be accepted, the Court adjudicate defendant guilty of the lesser included offense of the charge in Count One of the Indictment, that is of conspiracy to distribute and possess with the intent to distribute crack cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) and (D), and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant filed a motion to remain on bond after entry of her plea pending sentencing pursuant to 18 U.S.C. §§ 3143 & 3145(c) [Doc. 53]. The Government did not oppose the motion. I find exceptional circumstances are present in this matter. Therefore Defendant's motion to remain on bond pending sentencing is **GRANTED** [Doc. 53] and a separate Order has been entered on the record. Therefore, I further **RECOMMEND** Defendant remain on bond until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).